## ALLEN v. CITIZENS' STEAM NAVIGATION CO.

The assignor of a demand for money loaned or advanced at various times on an open account, the return of which depends on future conditions, is not a competent witness for the plaintiff, in an action by the assignee to recover the amount.

Such a claim cannot be called a liquidated demand, as it lacks the necessary quality of specific recognition or express promise to pay.

APPEAL from the District Court of the Twelfth Judicial District.

The plaintiff brought this action to recover the sum of $820, loaned at various times by John Farris to the defendant, on an assignment of the claim by Farris to plaintiff. The case was referred by stipulation to a referee to take testimony and report a judgment.

Farris was called as a witness for plaintiff, the defendant objecting thereto on the ground of his incompetency. The objection was overruled, and he was permitted to testify. It appeared from his testimony on behalf of plaintiff, that Farris was, in 1854, the captain of one of the boats owned by defendant; that under an understanding that he should retain his place, he agreed with E. Chapman, then the agent of defendant, to subscribe for $2,000 of stock in the corporation (the defendant); that with this understanding, he loaned, at various times, the sum of $820, on condition that it was to be returned if he did not take the stock; that he was subsequently removed from his berth as captain, and did not take the stock; that he had not been able to get back the money, and had sold his claim for it to the plaintiff for $600.

Plaintiff put in evidence a receipt for the money, executed by Chapman after he had ceased to be the agent of defendant, acknowledging that he had received the money for defendant, and that the same had been used in the accounts of defendant.

The referee reported a judgment in favor of plaintiff for the amount claimed, which was entered by the Court. Defendant appealed.

*John Curry* for Appellant.

John Farris, the assignor of the claim or demand on which the plaintiff brought this action, was incompetent as a witness for the plaintiff; and the referee erred in receiving and giving effect to his testimony.

1. The demand, on which action was brought, was on account. Chitty

on Contracts, 648; Highmore v. Primrose, 5 Maule & Selwyn R., 65; Knowles v. Michel, 13 East. R., 249.

The 4th section of the Practice Act requires the action to be prosecuted in the name of the real party in interest, except, etc.; but in suits brought by the assignee of an account, etc., assigned subsequently to the first day of July, 1854, the assignor shall not be a witness on behalf of the plaintiff.

2. The witness, Ferris, was incompetent, being the assignor of the account or demand, on the ground that he was interested in the event of the action in favor of the plaintiff against defendant. Practice Act, §§ 392, 393; 1 Greenleaf's Ev., § 390; Herrick v. Whitney et al., 15 John. R., 240; Hermance v. Vernoy, 6 John. R., pp. 5, 6; Murray v. Judah, 6 Cow. R., 484.

There is an implied warranty on the part of the vendor in every sale of chattels, that the vendor has a valid title, where there is no express warranty for that purpose, and if the title fails the vendor is liable to an action upon such warranty. Chapman v. Andrews, 3 Wend. R., 240, 243; Defreeze v. Trumper, 1 John. R., 274; Reed v. Barber, 3 Cow. R., 272, etc.; Baxter v. Graham, 5 Watts, (Penn.) R., 418.

*Wm. Newton* for Respondent.

The claim on which this action is founded is one arising out of contract, and is a liquidated demand, and is a proper subject matter of assignment. § 4 of Practice Act, as amended by Act of 1855, p. 303, § 1.

I. That the provisions of said section, as amended, do not render the assignor of such a demand incompetent as a witness for his assignee; he is only made incompetent as a witness, when the action is brought by the assignee of an account, unliquidated demand, or thing in action not arising out of contract, and when the same had been assigned subsequently to the 1st day of July, 1854; this provision of the Act does not render incompetent the assignor as a witness for the plaintiff in a case arising purely out of contract, express or implied; and when the sum of money sought to be recovered is certain and fixed. § 4 Practice Act, as amended, Laws 1855, p. 303, § 1.

II. The witness, Farris, had not such an interest in the event of the action as to exclude him from being a witness for plaintiff. Sec. 392 Practice Act, declares that no person shall be excluded on account of his interest in the event of the action, except:

1. When he is a party to the action or proceeding, or the action is prosecuted or defended for his immediate benefit.

2. When his interest is a certain, present and vested interest. Prac. Act, § 392; also, Johnson v. Carry et al., 2d Cal. Rep., p. 33; Hamilton Plank Road Co. v. Rice, 1 N. Y. Code Rep., p. 108; Evarts v. Palman, 3 N. Y. Code Rep., p. 51; Tomlinson v. Spencer, 5 Cal. Rep., p. 39.

III. The words "interest in the event of the action" are to be construed by the test provided by the Practice Act. (See § 393.) Under

this section it cannot be properly claimed that he was excluded from being a witness in the action. The witness, Farris, as appears from the testimony, had parted in good faith with his entire interest in the demand, for a valuable consideration. 1 Greenleaf Ev., §§ 389, 390; Tomlinson *v.* Spencer, 5 Cal. R., p. 39.

Mr. Justice HEŸDENEFLT delivered the opinion of the Court. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

The claim sued upon was not a liquidated demand, within the meaning of the statute. Liquidation results from either an express promise to pay a sum certain, or from settlement or agreement between parties, after reviewing their mutual transactions, and in which a sum certain is specifically acknowledged to be due by one to the other. Without such accounting and acknowledgment, a sum of money merely loaned on open account, the return of which depends on future conditions, cannot be called a liquidated demand. It lacks the necessary quality of specific recognition, or express promise to pay.

The receipt of Chapman, acknowledging the amount received from plaintiff's assignor, cannot, in any sense, bring the claim within the rule laid down, because this receipt was given after the agency of Chapman had ceased, and it was not, therefore, the acknowledgment of the defendant.

Under our statute, the assignor of such a claim is not a competent witness, and the Court below erred in admitting him to give evidence.

The judgment is reversed, and the cause remanded.